**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SARAH RAMIREZ, | ) | CASE NO. CV 05-04456 RZ |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION AND |
| vs. | ) | ORDER |
| | ) | |
| JO ANNE B. BARNHART, Commissioner | ) | |
| of Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. § 636(c), the parties have consented that the case may be handled by the undersigned. The action arises under 42 U.S.C. § 405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The plaintiff and the defendant have filed their pleadings, the defendant has filed the certified transcript of record, and the parties have filed supporting memoranda. After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.

///

///

///

# I.

## SUMMARY OF UNDERLYING DECISION

The Administrative Law Judge found that Plaintiff had two significant medically-determined impairments, one physical and one mental. The physical ailment was Plaintiff's back disorder. Because that condition not only (a) more than minimally reduced Plaintiff's ability to perform basic work functions, but also (b) lasted at least 12 continuous months, it qualified as "severe" for purposes of surmounting step two in the familiar five-step disability analysis. *See* 20 C.F.R. § 404.1521. Although the mental ailment, depression, was "severe" in its impact on Plaintiff's ability to work, the Administrative Law Judge found it lasted less than 12 months, and it thus was not "severe" for disability analysis purposes. *Id.*; *see* AR 29 (findings 3 and 4). Taking all of Plaintiff's medically-determined impairments into consideration (but excluding depression, noting that it did not last 12 months and was not evident at the hearing), and based on the opinion of a vocational expert, the Administrative Law Judge found that Plaintiff retained the ability to perform "light" work, as defined by regulations. AR 28 & n.8 (discussing exclusion of mental impairments). Such an RFC sufficed to allow her to return to her prior work as a "nursery school attendant ([Dictionary of Occupational Titles (DOT)] section 359.677.018), which is light exertional, semi-skilled work; and . . . cashier II (DOT section 211.462-010), which is light exertional, unskilled work." AR 29 (drawing upon testimony at AR 60-65). He thus denied Plaintiff's claim at step four in the five-step analysis.

# II.

## MENTAL IMPAIRMENT

Before turning to Plaintiff's two claims, the undersigned will address an argument interwoven into both of them: that the Administrative Law Judge erred in disregarding Plaintiff's mental ailments for purposes of assessing the RFC. As noted above, although the Administrative Law Judge did find that Plaintiff's mental impairments briefly satisfied the qualitative portion of the regulatory definition for "severity," namely

that they more than minimally interfered with her ability to perform basic work functions, he also found that they improved quickly, lasting for less than 12 months, and thus failed to satisfy the chronological portion of the "severe" definition.  But Plaintiff argues that even the briefest period of "severity" raises a presumption of continuing severity until the Administration disproves the continuation.  This argument appears to be drawn from "boilerplate" more properly used in briefs for claimants already found to be disabled and now contesting a cancellation of their benefits; such claimants do enjoy a presumption of continuing disability.  *See* Pl.'s Reply Br. at 3-4 & n.1, *citing* 20 C.F.R. § 404.1594 (how Administration reviews continuing benefits eligibility of persons previously determined to be disabled); *Iida v. Heckler*, 705 F.2d 363, 365 (9th Cir. 1993); *Patti v. Schweiker*, 669 F.2d 586-87 (9th Cir. 1982).  But Plaintiff enjoys no such presumption, for the simple reason that she was not previously determined to be disabled.  (Indeed, Plaintiff's argument would render meaningless the regulatory requirement that impairments must endure for 12 months or more to qualify as "severe.")  Her relatively brief suffering from "severe" mental ailments does not create any presumption of continuing severity, analogous to the presumption of continuing disability, such that the Administration bears the burden of rebutting the presumption – and even if the Administration bore such a burden, the substantial contrary evidence discussed at length by the Administrative Law Judge would suffice to carry it.

### III.

### CLAIM 1: ABILITY TO PERFORM PRIOR JOBS

Plaintiff challenges the non-disabled conclusion in two ways.  First, she argues that, presumably even if the RFC is deemed correct (for her second argument is that the RFC is too optimistic), it is still insufficient to permit her to perform either of her prior two jobs.  Plaintiff quotes at length from the DOT recitation of a cashier II's typical duties, for example, and avers that her mental impairments are too great to permit her to perform the social interaction necessary for the job.  But her critique depends on her convincing the

Court that she suffers a severe mental impairment (or, at least, one that is worse than found by the Administrative Law Judge).  As noted above, the Administrative Law Judge found that Plaintiff's mental impairments lasted too briefly to be "severe" and thus did not factor into the vocational expert's opinion about Plaintiff's ability to do that job.  Rather than challenge this determination directly (other than with the misplaced boilerplate noted in section IV above), Plaintiff points to a short opinion by a psychiatric consultant, Barry F. Rudnick, M.D., prepared for Defendant's Appeals Council after the Administrative Law Judge issued his opinion denying benefits.  AR 10-11.  But nothing in Dr. Rudnick's report gainsays the Administrative Law Judge's critical finding that Plaintiff's otherwise "severe" mental impairments did not last for 12 months or more and were not evident anymore at the time of the hearing – and, in any case, the Appeals Council denied review after receiving Dr. Rudnick's report, thus adopting the Administrative Law Judge's opinion.

Because Plaintiff fails to show that the Administrative Law Judge erred in finding her capable of returning to her prior work as a cashier II, the Court need not consider whether he erred in similarly finding her capable of returning to work as a nursery school attendant.

## IV.

## CLAIM 2: IMPROPER HYPOTHETICAL QUESTION

Second, Plaintiff asserts that the vocational expert's key testimony, namely that Plaintiff could perform her prior two jobs, must be disregarded because the hypothetical question put to the expert was inaccurate or incomplete in stating her true RFC.  In support of a more restrictive RFC, Plaintiff discusses at some length the opinion of Khosrow Tabbador, M.D., who examined her in connection with her worker's compensation claim.  AR 341, 370, 371; *see* Pl.'s Br. at 9-10.  But even if the Court assumes for the sake of discussion that Dr. Tabbador's opinion could support a more-restrictive RFC, such would not establish what Plaintiff must show to win reversal, namely either (1) a lack of substantial evidence supporting the RFC that the Administrative Law

Judge *did* find, or (2) legal error in preferring several other medical sources over Dr. Khosrow, who was not Plaintiff's treating physician. At best, Plaintiff shows that the RFC assessment in this case "could have gone either way," but it is not the Court's role to second-guess such findings. *See Rollins v. Massanari*, 261 F. 3d 853, 857 (9th Cir. 2001).

**V.**

**CONCLUSION**

For the foregoing reasons, the underlying decision is affirmed.

DATED:   September 28, 2006

_____/s/ Ralph Zarefsky_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE